# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **LATOYIA N. DILLINGHAM** | : | **Case No.:** 1:19-cv-849 |
| C/O GODBEY LAW | : | |
| 708 WALNUT STREET, SUITE 600 | : | **Judge:** |
| CINCINNATI, OHIO 45202 | : | |
| Plaintiff, | : | |
| -vs- | : | |
| **LABORATORY CORPORATION OF AMERICA HOLDINGS** | : | |
| C/O CORPORATION SERVICE COMPANY | : | |
| 50 WEST BROAD STREET, SUITE 1330 | : | |
| COLUMBUS, OHIO 43215 | : | |
| and, | : | |
| **LABORATORY CORPORATION OF AMERICA** | : | |
| C/O CORPORATION SERVICE COMPANY | : | |
| 50 WEST BROAD STREET, SUITE 1330 | : | |
| COLUMBUS, OHIO 43215 | : | |
| Defendant. | : | |

## COMPLAINT WITH JURY DEMAND

Latoyia N. Dillingham states the following for her Complaint against Laboratory Corporation of America Holdings and Laboratory Corporation of America:

## PARTIES

1. Plaintiff Latoyia N. Dillingham ("Ms. Dillingham") is a resident of Montgomery County, Ohio.

2. Laboratory Corporation of America Holdings and Laboratory Corporation of America ("Defendant") is a corporation doing business in Butler County, Ohio. Defendant employs over 50 employees.

## JURISDICTION AND VENUE

3. This Court has jurisdiction to hear this case under 28 U.S.C. § 1331 because Ms. Dillingham asserts claims arising under the Family and Medical Leave Act ("FMLA"), the Americans with Disabilities Act, and Title VII.

4. Venue is proper in this Court because the transactions and occurrences occurred in this District.

## BACKGROUND FACTS

5. Ms. Dillingham is a 39-year old female, who is African American and has a few disabilities.

6. Ms. Dillingham began working for Defendant in 2014.

7. Ms. Dillingham regularly worked 40 hours a week.

8. Ms. Dillingham was qualified for her position and performed well.

9. Ms. Dillingham has a few disabilities, including PTSD and anxiety.

10. Due to these diagnoses, Ms. Dillingham's doctor told her she needed to take intermittent FMLA leave one to three days per week for doctor appointments and self-care.

11. Ms. Dillingham provided Defendant with documentation regarding these diagnoses and time needed off work.

12. Ms. Dillingham complied with all requirements regarding her application for FMLA leave.

13. Around this time, Ms. Dillingham also reported that numerous clients were calling her the "N" word.

14. Defendant also was loading Ms. Dillingham with greater amounts of work than non-disabled and non-minority similarly-situated employees.

15. For example, other similarly-situated employees received a second Patient Service Technician, but Ms. Dillingham did not.

16. Defendant also harassed Ms. Dillingham because of her gender.

17. Specifically, Ms. Dillingham's superiors would refer to her as a "big girl" and abuse her with these gender stereotypes.

18. Ms. Dillingham received no support staff, while males at other locations with the same or less amount of work received support.

19. Ms. Dillingham reported this discrimination and unfair treatment.

20. Ms. Dillingham was ultimately unable to take the FMLA time off as prescribed due to the lack of employees that could come to her location to cover her shifts.

21. Ms. Dillingham had not exhausted her FMLA leave prior to her termination.

22. Ms. Dillingham was terminated approximately one week after she used FMLA leave.

23. Ms. Dillingham filed an EEOC charge, and she received her right-to-sue letter on July 11, 2019.

## CLAIMS FOR RELIEF

### Count I
### FMLA Interference under 29 U.S.C. §2615

24. Ms. Dillingham restates all previous paragraphs.

25. Ms. Dillingham suffers from PTSD and anxiety.

26. Due to those diagnoses, Ms. Dillingham had to take off work for doctor appointments and self-care.

27. Ms. Dillingham provided Defendant a note from her doctor verifying her need to take FMLA leave and all other FMLA paperwork.

28. Defendant terminated Ms. Dillingham approximately one week after she requested FMLA leave.

29. Defendant told Ms. Dillingham she could not take leave because too many other employees were on FMLA leave.

30. Thus, Defendant interfered with and restrained Ms. Dillingham's attempt to exercise FMLA leave.

31. Defendant's actions were malicious and in a conscious disregard of the rights of Ms. Dillingham.

32. Ms. Dillingham suffered damages because of Defendant's interference with her rights to take FMLA leave.

## Count II
## FMLA Retaliation under 29 U.S.C. §2615

33. Ms. Dillingham restates all previous paragraphs.

34. Ms. Dillingham requested FMLA leave after suffering a mental disability.

35. Ms. Dillingham notified Defendant of the disability.

36. Ms. Dillingham was qualified for FMLA leave.

37. Defendant terminated Ms. Dillingham approximately one week after she requested FMLA.

38. Defendant retaliated against Ms. Dillingham for requesting FMLA leave.

39. Defendant's actions were malicious and in a conscious disregard of the rights of Ms. Dillingham.

40. Ms. Dillingham suffered damages because of Defendant's retaliation.

## Count III
## Disability Discrimination under the Americans with Disabilities Act ("ADA")

41. Ms. Dillingham restates all previous paragraphs.

42. Ms. Dillingham has disabilities regarding PTSD and anxiety.

43. With a reasonable accommodation, Ms. Dillingham could have performed her duties.

44. Defendant was aware of Ms. Dillingham's disabilities.

45. Ms. Dillingham sought simple accommodations such as taking time off for appointments under the FMLA and to receive the same support as similarly-situated employees had already received.

46. Defendant discriminated against Ms. Dillingham because of her disabilities.

47. Ms. Dillingham suffered an adverse employment decision and damages as a result of her disabilities.

48. Defendant terminated Ms. Dillingham approximately one week after she requested FMLA leave for her disabilities.

49. Defendant acted maliciously and in conscious disregard of Dillingham's rights.

## Count IV
## Gender Discrimination – Title VII

50. Ms. Dillingham restates all previous paragraphs.

51. Ms. Dillingham is a woman and a member of a protected class.

52. Ms. Dillingham was qualified for her position.

53. Ms. Dillingham received less support than males and was called degrading gender-specific names.

54. Ms. Dillingham suffered an adverse employment decision and was discriminated against because of her gender.

55. Defendant acted maliciously and with a conscious disregard of Ms. Dillingham's rights.

56. Ms. Dillingham suffered damages.

## Count V
## Racial Discrimination – Title VII

57. Ms. Dillingham restates all previous paragraphs.

58. Ms. Dillingham is an African American and a member of a protected class.

59. Customers and third parties constantly called Ms. Dillingham the N-word.

60. Ms. Dillingham reported the derogatory remarks to her supervisors.

61. Ms. Dillingham's supervisors did not investigate or prohibit theses customers from coming back to its facility.

62. Defendant forced Ms. Dillingham to work under much more stringent working conditions than similarly-situated employees who were not in a protected class.

63. In fact, Ms. Dillingham received less assistance that her coworkers who were not in a protected class.

64. Ms. Dillingham was even forced to do janitor work at her facility while no non-protected coworkers did not do janitor work.

65. Ms. Dillingham suffered an adverse employment decision and was discriminated against because of her race.

66. Defendant acted maliciously and with a conscious disregard of Ms. Dillingham's rights.

67. Ms. Dillingham suffered damages.

### Count VI
### Retaliation under the ADA

68. Ms. Dillingham restates all previous paragraphs.

69. Ms. Dillingham suffers from a mental disability.

70. Ms. Dillingham notified Defendant of the disability.

71. Ms. Dillingham requested accommodations.

72. Defendant terminated Dillingham because she reported discrimination, took FMLA leave, and asked for accommodations for her disabilities.

73. Ms. Dillingham suffered damages because of Defendant's retaliation.

74. Defendant acted maliciously and in conscious disregard of Dillingham's rights.

**Count VII**
**Retaliation Under Title VII**

75. Ms. Dillingham restates all previous paragraphs.

76. Ms. Dillingham reported that clients called her the "N Word," and she confronted Defendant because its managers referred to her as a "big girl" and humiliated her based upon gender stereotypes regarding her body.

77. Ms. Dillingham suffered damages because of Defendant's retaliation.

78. Defendant acted maliciously and in conscious disregard of Dillingham's rights.

**WHEREFORE**, Ms. Dillingham respectfully requests that this Court find for her and award her the following:

    a. Compensatory damages;

    b. Statutory damages;

    c. Interest;

    d. Punitive damages;

    e. Attorney fees;

    f. Costs;

    g. Litigation expenses; and

    h. All other relief this Court deems proper.

Respectfully Submitted,

/s/ Matthew Miller-Novak
**Matthew-Miller Novak (0091402)**
**Robert L. Thompson (0098126)**
GODBEY LAW LLC
708 Walnut Street, Suite 600
Cincinnati, Ohio 45202
P: 513-241-6650
F: 513-241-6649
E: Matt@godbeylaw.com
E: Robert@godbeylaw.com
*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury on all triable issues.

Matthew Miller-Novak
Matthew-Miller Novak (0091402)